UNITED STATES DISTRICT COURT                         <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

FLAGSTAR FINANCIAL & LEASING, LLC
f/k/a Signature Financial, LLC,

                                                                      **<u>ORDER</u>**

                                        Plaintiff,                    24-CV-2048 (JMA)(AYS)


                    -against-


D AND B TRUCK CARGO INC., and RAJ PAL,


                                        Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Currently pending before the Court is a motion for default judgment filed by Plaintiff

Flagstar Financial & Leasing, LLC against Defendants D and B Truck Cargo, Inc. ("Cargo") and

Raj Pal ("Pal") (collectively, "Defendants").  Plaintiff alleges breach of contract claims against

Defendants as well as claims for possession of collateral.  For the reasons stated below, Plaintiff's

motion for a default judgment is GRANTED and Plaintiff is awarded $719,012.48, jointly and

severally, against Defendants.

## I.  DISCUSSION

### A.  <u>Defendants Defaulted</u>

The record reflects that Defendants were properly served in this action.  On October 22,

2024, Magistrate Judge Shields granted Plaintiff's motion for service via publication.[1]  Defendants

have not answered, appeared in this action, responded to the instant motion for default judgment,

or otherwise defended this action.  Accordingly, the Court finds Defendants in default.

---

[1] In addition to service via publication, copies of the summons and complaint were also mailed to Defendants and affixed to the door at an address where Pal resided and where Cargo maintained an office.

B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law.  <u>Id.</u>  Here, those requirements are met for Plaintiff's two breach of contract claims (First and Second Causes of Action) and claim for possession of collateral (Third Cause of Action).  Additionally, the Court finds it has subject matter jurisdiction and personal jurisdiction over the Defendants.

C. <u>Damages and Injunctive Relief</u>

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 189 (2d Cir. 2015) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)).  The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence.  <u>See</u> <u>Cement & Concrete Workers Dist. Council Welfare Fund</u>, 699 F.3d at 234.

The evidence submitted by Plaintiff—including the certifications of J. Logan Rappaport and David McGowan as well as Plaintiff's supporting documents, (ECF No. 13)—establishes to a reasonable certainty, that Plaintiff is owed:

(i)    $668,772.65 on the Note through November April 25, 2025;

2

(ii)    Per diem interest of $178.21 on the Note, which results in $20,672.36 in additional interest owed and a total award on the Note of $689,445.01;

(iii)    $25,129.50 in attorney's fees, which the Court finds are reasonable with respect to both hours expended and the rates charged; and

(iv)    $4,437.97 in costs and disbursements.

Accordingly, Plaintiff is awarded $719,012.48, jointly and severally, against Defendants.

With respect to Plaintiff's third cause of action, the Court: (i) finds Plaintiff is entitled to immediate possession of the One (1) 2023 Kenworth model T680 truck tractor (Serial/ID No. 1XKYD49X6PJ224851) and One (1) 2023 Kenworth model T680 truck tractor (Serial/ID No. 1XKYD49X8PJ224852) (collectively, the "Collateral") and all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof, installed in, affixed to, or used, in connection with said property and all proceed; and (ii) orders Defendants to immediately surrender and deliver to Plaintiff, or its agents or representatives, the Collateral and all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof, installed in, affixed to, or used, in connection with said property and all proceeds.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants are jointly and severally liable to Plaintiff in the amount of $719,012.48 and Defendants are ordered to immediately surrender the Collateral as set detailed above.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly

file proof of service on ECF.

**SO ORDERED.**

Dated:  August 18, 2025
Central Islip, New York

_____/s/_____(JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
